UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICKY MYERS, ET AL                              CIVIL ACTION NO. 17-cv-0663

VERSUS                                          JUDGE FOOTE

PROGRESSIVE COUNTY MUTUAL                       MAGISTRATE JUDGE HORNSBY
INSURANCE CO., ET AL

## MEMORANDUM ORDER

Ricky and Amber Myers filed suit in state court to recover personal injury damages allegedly suffered in connection with an accident. Plaintiffs allege that Mr. Myers had his car towed by Tommy Jones, whose negligence was responsible for the car rolling off the tow truck and onto Mr. Myers. Plaintiffs sued Tommy Jones, his employer, and a liability insurer. The case was removed to federal court based on diversity jurisdiction.

Plaintiffs filed two motions for extension of time to effect service on Tommy Jones. Both requests were granted. Plaintiffs have now filed a Motion to Appoint Curator (Doc. 19) in which they assert that diligent efforts to serve Mr. Jones have been unsuccessful. They believe he lives somewhere in Texas, but they do not know so much as the name of the town in which he lives. There is no affirmative evidence that Jones is avoiding service. It appear that he simply moved, and Plaintiffs have been unable to find him.

Plaintiffs invoke Federal Rule of Civil Procedure 4(e) and La. C.C.P. art. 5091, and ask the court to appoint an attorney/curator to represent Tommy Jones on the grounds that he is an absentee. Plaintiffs' motion does not cite any authority, beyond the cited rules, for

using this procedure in federal court. The issue was recently reviewed in <u>Lantz v. State Farm Mutual Auto Ins. Co.</u>, 2017 WL 662989 (M.D. La. 2017), and the court concluded that Art. 5091 is a Louisiana procedural mechanism that falls outside of the "state law for serving a summons" that is applicable under Rule 4(e)(1). Accordingly, Rule 4(e)(1) does not authorize the court to apply Louisiana procedural law to aid in service of process on an absentee tort defendant.

The undersigned is persuaded by the analysis in that decision, so Plaintiffs' **Motion to Appoint Curator (Doc. 19)** is **denied**. It is also questionable whether due process would permit entry of a default money judgment against a tort defendant who has no knowledge of the proceedings and has been served only through delivery of process to a court-appointed curator. If Plaintiffs have other authority that they believe is persuasive on this issue, they may renew their request. On the showing made, it must be denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of February, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge